## THE STATE v. S. M. JOHNSON.

1. BILLIARD TABLE—GAMING.—An indictment charging that the defendant "did willfully and unlawfully keep a gaming table, being then and there a billiard table," does not charge any offense.
2. KEEPING A BILLIARD TABLE FOR ILLEGAL GAMING.—An indictdictment for, should allege that the table was kept for playing some game which is shown to be illegal.

APPEAL from Rockwall. Tried below before the Hon. M. H. Bonner.

*George W. Smith,* for the State, cited Gen. Laws, 13th Leg., 36.

ROBERTS, CHIEF JUSTICE.—The indictment was set aside, upon the exception of defendant, that it does not describe any offense known to the laws of Texas.

It alleged that the defendant "did willfully and unlawfully keep a gaming table, being then and there a billiard-table."

The code, after having prohibited the keeping of gaming tables of every description whatever, with or without a name, (Art. 2047, (412) Pas. Dig., and amended by 14th Leg., 1874, p. 36,) makes an exception in favor of billiard-tables, as follows: "Any game played for money upon a billiard table, or a table resembling a billiard table, other than the game of billiards licensed by law, is punishable under the provisions of this chapter." (Part of art. 2050, (414,) Pas. Dig.)

Thus is the game of billiards, being licensed by law, exempted from the general prohibition of the statute of this State. The keeping a billiard table for gaming, on which the game of billiards is alone played, is no offense, whatever may be bet thereon. When it is sought, therefore, to indict any person for keeping a billiard table for illegal gaming, it should be alleged that it was kept for playing some game which is shown to be illegal, other than the game of billiards licensed by law.

That may not be necessary when the name of the table is left out of the indictment. For it is provided in the code (Art. 2051, (415,) Pas. Dig.) that "it is sufficient to state that the person accused kept a table or bank for gaming, or exhibited a table or bank for gaming, without giving the name or description thereof, and without stating that the table or bank or gaming device was without any name, or that the name was unknown." If the statute had been strictly followed in framing this indictment, by stating that the defendant "did keep a table for the purpose of gaming," leaving out its designation as a "billiard table," the indictment might have been sustained; and under it, although the proof may have shown it to have been a billiard table, still, if it was proved to have been kept for the purpose of playing other and different games than the game of billiards licensed by law, a conviction might have been had under it.

The reason why this indictment cannot be sustained is

that it designates the table kept as a billiard table, which the law permits to be kept for gaming, and the name of the table thus designated cannot be regarded as surplusage, nor can the allegation that it was a gaming table used for gaming be construed to be inconsistent with its legal use, without further allegations showing affirmatively its illegal use, by which it is converted into an illegal gaming table.

Judgment affirmed.

AFFIRMED.